IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR L. WESS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-1751-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**ON ORDER OF RE-REFERENCE**

This case has been re-referred to the United States magistrate judge for consideration of petitioner's response explaining why his application for writ of habeas corpus should not be dismissed on limitations grounds.

I.

On October 10, 2007, petitioner filed a federal writ challenging his state conviction and resulting 25-year sentence for possession of a firearm by a felon. In a preliminary response filed on December 13, 2007, respondent moved to dismiss the writ as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Petitioner was invited to file a reply "within thirty (30) days after respondent files his preliminary response" explaining why the case is not barred by limitations. *See* Order, 10/17/07. On January 22, 2008, after confirming that no reply had been docketed, the magistrate judge recommended the dismissal of petitioner's application for writ of habeas corpus on limitations grounds. *Wess v. Quarterman*, No. 3-07-CV-1751-P (N.D. Tex. Jan. 22, 2008). Later that same day, the clerk docketed a reply from petitioner,

which was file-stamped January 18, 2008.[1] Because the magistrate judge did not consider this reply when he recommended dismissal of the habeas petition on limitations grounds, the district judge has remanded the case for further consideration.

II.

In his reply, petitioner argues that his state conviction did not become final for limitations purposes until October 20, 2005, 15 days after his PDR was dismissed as untimely filed, and that the AEDPA statute of limitations should be tolled on equitable grounds because his legal materials were "misplaced" by Texas prison officials during his transfer from the Scott Unit in Angleton, Texas, to the Neal Unit in Amarillo, Texas. (*See* Pet. Reply at 3). Both arguments lack merit.

Petitioner's conviction was affirmed by the court of appeals on May 17, 2005. Although he was granted an extension of time until August 15, 2005 to file a PDR, petitioner failed to meet that deadline. This court has held that where a prisoner does not timely file a PDR despite an extension of time to do so, the underlying state conviction becomes final for limitations purposes on the date the PDR was due. *See Bail v. Quarterman*, No. 3-04-CV-1401-P, 2006 WL 2216612 at *2 (N.D. Tex. Aug. 3, 2006) (Solis, J.), *COA denied*, No. 06-10907 (5th Cir. Apr. 17, 2007). Therefore, petitioner's conviction became final on August 15, 2005, not on October 20, 2005.

Nor is petitioner entitled to equitable tolling of AEDPA statute of limitations. In support of this argument, petitioner alleges that his legal materials were "misplaced" by Texas prison officials when he was transferred from one prison unit to another during the time his appeal was pending. However, petitioner does not specify what materials were misplaced or explain how their unavailability prejudiced his ability to seek federal habeas relief. His conclusory assertions are

---

[1] The certificate of service indicates that petitioner delivered his reply to prison authorities for mailing on January 11, 2008, which makes the reply timely. *See, e.g. Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (federal habeas petition is considered filed on the date it is delivered to prison authorities for mailing).

insufficient to warrant equitable tolling. *See Fuller v. Quarterman*, No. 3-06-CV-1774-R, 2007 WL 1701083 at *2 (N.D. Tex. Jun. 12, 2007) (rejecting equitable tolling argument where petitioner failed to identify legal materials that were confiscated by prison officials, show why materials were necessary to seek habeas relief, and explain efforts undertaken to obtain return of the materials). Moreover, petitioner acknowledges that he learned of the dismissal of his PDR on October 10, 2005. (*See* Pet. Reply at 3). Yet he waited until March 19, 2007, a period of nearly *17 months*, before filing a state writ of habeas corpus. To the extent petitioner contends that he could not file a state writ until he obtained copies of relevant documents from his former attorney, (*see* Pet. Reply at 3-4), there is no indication when petitioner first contacted his lawyer or why he failed to act sooner. *See Coleman v. Johnson*, 184 F.3d 398, 404 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000) (equitable tolling of limitations period requires habeas petitioner to diligently pursue relief); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001) ("[E]quity is not intended for those who sleep on their rights.").

## RECOMMENDATION

For these reasons, the magistrate judge adheres to his prior recommendation that petitioner's application for writ of habeas corpus should be dismissed with prejudice on limitations grounds.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 6, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE